# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHAUNA WYTIKA GRAVES,**

      **Plaintiff,**

v.                                              **Case No:   6:19-cv-1976-Orl-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

# ORDER

Plaintiff brings this action pursuant to Titles II and XVI of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 423, and 1382, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits. (Doc. 1.) The Court has reviewed the record, including the transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, and the administrative record. (Docs. 16, 20.) The Court heard oral argument on January 6, 2021. (Doc. 23.)

On judicial review, a Court may determine only whether the ALJ correctly applied the legal standards and if the ALJ's findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)). A Court may "not reweigh the evidence or substitute [its] own judgment for that of the agency." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 683 (11th Cir. 2019) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

The Eleventh Circuit defines "substantial evidence" as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766 (11th Cir. 2019) (citing *Lewis*, 125 F.3d at 1439). A Court determines whether substantial evidence exists by considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Lynch v. Astrue*, 358 F. App'x 83, 86 (11th Cir. 2009). "Even if the evidence preponderates against the [Commissioner's] findings, [the Court] must affirm if the [Commissioner's] decision is supported by substantial evidence. *Gibbs v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 799, 800 (11th Cir. 2017) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)).

Plaintiff raises a sole issue on appeal: whether the ALJ assigned proper weight to the Physical Residual Functional Capacity Questionnaire (hereinafter, the "Opinion") of treating physician Jackie W. Westfall, D.O. ("Dr. Westfall"). (Doc. 20 at 11–13.) Therein, Dr. Westfall opined on Plaintiff's symptoms, ability to handle work related stress, ambulate, sit and stand, and manipulate items. When prompted to discuss Plaintiff's symptoms, Dr. Westfall explained that Plaintiff has "constant fatigue, [shortness of breath] with activity, [and] constant pain in knees and back." (Tr. 438.) Dr. Westfall identified Plaintiff's "lumbar tenderness to palpation" and crepitus in both knees as "clinical findings and objective signs." (*Id.*) Due to these impairments, Dr. Westfall opined that in an 8-hour workday, Plaintiff can stand or walk for less than 2 hours and sit for about 2 hours. (Tr. 439.) However, Dr. Westfall did not explain what Plaintiff is capable of doing for the remaining 4 hours in the workday. (*Id.*) Dr. Westfall opined that Plaintiff needs a job that allows her to alternate between sitting, standing, and walking, *at will*, and would need to take unscheduled breaks during the day. (*Id.*) (emphasis added).

The ALJ ultimately found that Plaintiff had the residual functioning capacity ("RFC") to perform sedentary work with the following limitations:

> Claimant must be able to alternate positions between sitting and standing while remaining on task at the workstation; she can climb ramps and stairs occasionally, but never kneel, crouch, or crawl; she can occasionally be exposed to unprotected heights, moving mechanical parts, humidity, and wetness, and extreme cold; she is limited to performing simple, routine tasks and making simple work-related decisions, based on the effects of pain.

(Tr. 15.) When discussing the reasoning behind Plaintiff's RFC, the ALJ explained that the Opinion was afforded partial weight.

> There is no evidence of any complaints of constant fatigue noted in treatment records. Furthermore, there is no evidence of any documentation of any complaints of shortness of breath, though the claimant did complain of racing hear rate with activity, as noted in April 2017 records. The claimant's complaints of back and knee pain are documented in treatment records. However, this has been treated conservatively with repeated declination for surgery by the claimant. . . . Dr. Westfall also opined this claimant can only stand/walk 2 hours total in an 8 hour workday and sit about 2 hours total in an 8 hour workday. This accounts for only 4 hours of an 8 hour workday, and there is no substantial objective evidence in the record to warrant the need for lying down the remaining 4 hours in an 8 hour workday. Therefore, Dr. Westfall's opinions regarding sitting, standing, and walking limitations is given little weight. Her opinion that this claimant requires a sit/stand option is accounted for in the RFC to account for this claimant's pain symptoms. . . . Lastly, Dr. Westfall's opinions regarding 4 or more absences per month is given no weight, as the evidence indicates this claimant has pain symptoms but is still able to complete activities of daily living and is a highly functioning individual such that sedentary work would not be precluded.

(Tr. 17–18.)

Plaintiff argues that the ALJ's findings were not supported by substantial evidence because: (1) there were multiple instances in the record where Plaintiff complained of fatigue; (2) Dr. Westfall never opined that Plaintiff had to lie down for 4 hours out of an 8 hour workday; and (3) the ALJ failed to address why did he not include the sit and stand *at will* limitation in the RFC.

(Doc. 20 at 11–13.) The Commissioner did not respond directly to any of the issues Plaintiff raised. (*See* Doc. 20.)

"The ALJ must give a treating physician's opinion substantial or considerable weight unless good cause is shown to the contrary.'" *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)). "Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his or her own medical records." *Id.* (citing W*inschel v. Comm'r of Sec. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)).

While the Court agrees with the ALJ's remark that the Opinion addresses Plaintiff's ability to sit, stand, and walk for only 4 hours in an 8-hour work day (Tr. 18), other aspects of the ALJ's findings are problematic. As Plaintiff correctly notes, the record includes multiple reports of Plaintiff's fatigue. (*See* Tr. 458, 463, 480, 781, 794, 799.) Moreover, the RFC fails to indicate whether alternating between sitting and standing would be *at will*. At a certain point, "the conglomeration of . . . errors makes it impossible to determine whether substantial evidence supports" the ALJ's reason for discrediting the Opinion. *Conlon v. Comm'r of Soc. Sec.*, No. 6:17-cv-2012-Orl-DCI, 2019 WL 1003068, at *4 (M.D. Fla. Mar. 1, 2019); *see also Smith v. Astrue*, No. 308-CV-406-J-TEM, 2009 WL 3157639, at *6 (M.D. Fla. Sept. 25, 2009) ("[T]he misstatements taken as a whole and the lack of reference to other medical evidence indicate the ALJ failed to properly consider all the evidence."). Here, there are problems with the first and third reason the ALJ provided for discounting Dr. Westfall's Opinion, and the ALJ arguably misconstrued Dr. Westfall's Opinion as to the second reason. In light of the foregoing, the Court

finds that the ALJ failed to articulate good cause for discounting the Dr. Westfall's Opinion, and thus, the ALJ's findings as to Plaintiff's RFC was not supported by substantial evidence.

Accordingly, it is hereby **ORDERED AND ADJUDED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with this Order.

2. The Clerk is **DIRECTED** to **ENTER** a judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record